**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| AERO HEC ACQUISITION I, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS BRANSFORD, PATRICIA BRANSFORD; and DENIS RICHARD MCDONOUGH, in his capacity as SECRETARY OF VETERAN AFFAIRS OF THE UNITED STATES,<br><br>Defendants. | ) | DOCKET NO. 1:23-cv-11136-FDS |

**ANSWER OF THE DEFENDANTS, THOMAS BRANSFORD AND PATRICIA BRANSFORD**

NOW COME, the Defendants, Thomas and Patricia Bransford (herein the "Bransfords") and for their answer to the Complaint of the Plaintiff, Aero HEC Acquisition, LLC (herein "Aero") state as follows:

(1). The Defendants are without sufficient information to admit or deny the allegations in paragraph 1.

(2). The Defendants admit that Thomas Bransford has a residence at 25 Broad St., Apt. 8i, New York, New York.

(3). The Defendants admit that Patricia Bransford has a residence at 25 Broad St., Apt. 8i, New York, New York.

(4).The Defendants are without sufficient information to admit or deny the allegations in paragraph 4.

(5).The Defendants admit that a true copy of their deed was attached to the Complaint, and, further answering, state that the document speaks for itself. The Defendants deny the rest of the paragrah.

(6).The Defendants state that the document attached as Exhibit B speaks for itself.

(7). The Defendants state that the document attached as Exhibit C speaks for itself, however the Defendants note that the document does not state it is a mortgage.

(8).The Defendants state the document attached as Exhibid D speaks for itself, however, the Defendants note that the document does not purport to be the assignment of a mortgage.

(9).The Defendants state that the document attached as Exhibi E speaks for itself, and note that there appears to be a missing page in the Exhibit.

(10). The Defendants admit that Mr. Bransford did not sign any documents attached to the Complaint.

(11). Denied.

(12). Denied.

(13). The Defendants state that the document attached as Exhibit F speaks for itself.

(14). The Defendants state that the document speaks for itself, and, further answering, deny the rest of the paragraph.

(15). Denied.

(16). The Defendants state that the date of recording, and the book and page where a document is recorded is a matter of public record, and, further answering, deny that it is a "third mortgage."

(17). The Defendants state that the document attached to the Complaint as Exhibit H speaks for itself.

(18). The Defendants state that the document attached to the Complaint as Exhibit I speaks for itself.

(19). The Defendants state that the document attached to the Complaint as Exhibit I speaks for itself.

(20). The Defendants deny that there is any, "violation," to cure.

(21). The Defendants re-state and re-allege their responses to paragraph 1-20, as if separately set forth herein.

(22). Denied.

(23). The Defendants deny Mrs. Bransford made any misrepresentation, and deny the rest of the paragraph.

(24). Denied.

(25). Denied.

(26). The Defendants deny Mrs. Bransford made any misrepresentations, and deny the balance of the paragraph.

(27). Denied.

(28). The Defendants re-state and re-allege their responses to paragraph 1-27, as if separately set forth herein.

(29). This paragraph states a legal conclusion, to which no response is required.

(30). The Defendants deny that Aero advanced any funds to anyone.

(31). Denied.

(32). Denied.

(33). Denied.

(34). Denied.

(35). The Defendants re-state and re-allege their responses to paragraph 1-34, as if separately set forth herein.

(36). Denied.

(37). Denied.

(38). Denied.

(39). The Defendants re-state and re-allege their responses to paragraph 1-38, as if separately set forth herein

(40). Denied.

(41). Denied.

(42). The Defendants admit that only Mrs. Bransford's interest in the Property has been encumbered, in whatever form.

(43). The Defendants re-state and re-allege their responses to paragraph 1-42, as if separately set forth herein

(44). Denied.

(45). Denied.

(46). The Defendants re-state and re-allege their responses to paragraph 1-46, as if separately set forth herein

(47). Denied.

(48). The Defendants re-state and re-allege their responses to paragraph 1-47, as if separately set forth herein.

(49). The Defendants do not think that the rights of the Parties are in controversy, but admit that Aero appears to think so.

(50). The Defendants are without information to admit or deny what Aero seeks.

AFFIRMATIVE DEFENSES

(1).Failure to State a Claim.

(2). Failure of a condition precedent.

(3). Failure of a condition subsequent.

(4). The Plaintiff is, *in pari delicto*, responsible for when it recorded its deed of trust.

(5). Offset.

(6). Statute of frauds.

(7). Mistake of fact.

(9). Mistake of law.

(10). Violation of law.

(11). Waive.

(12). Estoppel.

(13). Fraud.

(14). Mischaracterization.

(15). Breach of Contract.

(16). Statutory requirement.

WHEREFORE, the Defendants, Thomas and Patricia Bransford, pray this Honorable Court DISMISS the Plaintiff's complaint with prejudice, and enter an ORDER requiring the Plaintiff to pay to the Defendants their costs and fees associated with this action

JURY DEMAND

The Defendants request a jury on all matters so triable.

Respectfully Submitted,
The Defendants, by their attorney

/s/ Jonas A. Jacobson
JONAS JACOBSON (BBO: 676581)
2067 Massachusetts Ave., 5th Floor
Cambridge, MA 02140
(p): 617-230-2779
(f): 617-849-5547
jonas@jonasjacobson.com

Dated: June 19th, 2023

**CERTIFICATE OF SERVICE**

I, Jonas Jacobson hereby certify that I caused the within document to be sent through CM/ECF NEXTGEN to all counsel of record who are registered participants, and that there are no unregistered participants,

/s/ Jonas A. Jacobson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| AERO HEC ACQUISITION I, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS BRANSFORD, PATRICIA BRANSFORD; and DENIS RICHARD MCDONOUGH, in his capacity as SECRETARY OF VETERAN AFFAIRS OF THE UNITED STATES,<br><br>Defendants | ) | DOCKET NO.<br>1:23-cv-11136-FDS |

**COUNTERCLAIM OF THE DEFENDANT, PATRICIA BRANSFORD**

INTRODUCTION

The "Deed of Trust," and the "Option Agreement," attached to the Plaintiff Aero HEC Acquisition, LLC's complaint in this case is, in substance, a reverse mortgage, whereby Patricia Bransford (herein "Patricia") agrees to give over to the Defendants, a share of her interest in her home at 484 Main Street, in West Tisbury, Martha's Vineyard Massachusetts (herein the "Property") to the Plaintiff's predecessor in interest, NOAH, upon the occurrence of certain events, including (relevant to this complaint) her death. Because Patricia never received counseling for a reverse mortgage loan, and because, on information and belief, NOAH was never licensed as a mortgage broker, or mortgage loan originator with the Commonwealth of Massachusetts, the Deed of Trust is wholly void, and should be stricken from the title of the Property. Patricia also seeks damages pursuant to G.L.c. 93A.

FACTS

(1). The Plaintiff, Patricia Bransford, is a natural person, residing at 484 Main Street in West Tisbury, Massachusetts (herein the "Property").

(2). The Defendant, Aero HEC Acquisition, LLC (herein "Aero") is a Delaware Limited Liability

Company, with an unknown principal place of business.

(3). The Defendant purports to be, or actually is, an assignee of a "Deed of Trust," and an "Option Agreement," from Patch Homes, Inc. d/b/a NOAH (herein "NOAH"). Those documents are attached to the original complaint in this case as Exhibits C and E.

(4). An assignment from NOAH to Aero is attached to the original complaint in this case as Exhibit D.

(5). As regards the Option agreement and Deed of Trust, Aero is the successor in interest to NOAH.

(6). Substantively, the Deed of Trust is the security document for the Option Agreement, just as a mortgage is security for a note.

(7). The Option Agreement and the Deed of Trust, taken together are, fundamentally, a type of reverse mortgage.

(8). The Option Agreement sets forth in paragaph 18.3 that it shall be, "governed by the laws of the state where the property is located," which, in this case, is Massachusetts.

(10). Massachusetts defines a "reverse mortgage loan," as follows: "[t]he proceeds from a reverse mortgage loan shall be disbursed to the borrower, pursuant to the program, and together with unpaid interest, if any, shall become due and payable (i) at the end of a fixed term, if any; (ii) upon the death of the borrower; (iii) upon the conveyance of title to the mortgaged real estate; (iv) upon the borrower ceasing to occupy the real estate as a principal dwelling; or (v) upon default by the borrower in the performance of its obligations under the loan agreement," See: G.L.c. 167E § 7(c).

(11). The Option Agreement is, in substance, a reverse mortgage, payable at a definite term (8), upon the death of the borrower (7.2), the conveyance of the Property (14.4)

(12). Massachusetts law provides that no mortgagee shall make a reverse mortgage loan on residential property, except as in accord with G.L.c. 167E §§ 7, 7A.

(13). Patricia Bransford never received the disclosures required for a reverse mortgage, as mandated by 209 CMR. 32.33 (which has adopted 12 C.F.R. 1026.33).

(14). Most importantly, Patricia never received the reverse mortgage counseling, required by G.L.c. 167E § 7A.

(15). The failure of a mortgagee to provide the reverse mortgage counseling required by G.L.c. 167E § 7A "A reverse mortgage executed with a borrower that has not received counseling by a third party approved by the executive office of elder affairs shall render the terms of the reverse mortgage unenforceable," See 7A(c).

(16). Furthermore, NOAH was never registered in Massachusetts as a mortgage broker, or a mortgage lender, in contravention of G.L.c. 255E.

(17). In Massachusetts, a mortgage is not enforceable, in the absence of an enforceable note.

(18). If the Option Agreement is not enforceable, then the Deed of Trust is not enforceable.

(19). At no time did NOAH provide the disclosures required by the Truth in Lending Act, 15 U.S.C. §§ 1637(a)(1)(2)(3)(4); 1637(c)(1)(B); and 1648.

COUNT I – DECLARATORY JUDGMENT

(20). Patricia re-states and re-alleges paragraphs 1-19 as if separately set forth herein.

(21). A controversy has arisen between the Parties as to whether or not the Deed of Trust and the Option Agreement are enforceable against Patricia.

(22). Patricia seeks a declaration that the Option Agreement, and the Deed of Trust are *not* enforceable.

COUNT II – VIOLATION OF THE TRUTH IN LENDING ACT, 16 U.S.C. § 1640

(23). Patricia re-states and re-alleges paragraphs 1-23 as if separately set forth herein.

(24). NOAH's actions, for which Aero is liable, constitute violations of the Truth in Lending Act (herein "TILA").

(25). Because this is a defensive counterclaim, the claim for damages in this case is not barred by the one year statute of limitations applicable to defensive claims, See: 15 USC 1640(e).

(26). Inexplicably, NOAH charged Patricia a $13,000 finance charge, without explaining why, or

providing all appropriate disclosures, indicating the basis for the finance charge.

(27). NOAH also failed to provide Patricia with the disclosures required by § 1648.

(28). Aero, as successor in interest to NOAH, is liable to Patricia for twice the amount of the undisclosed finance charge, in the amount of $26,000, pursuant to 15 U.S.C. § 1640(a)(2)(A)(i).

(29). Aero, as successor in interest to NOAH is liable to Patricia for between $400 and $4,000 as a result of NOAH's failure to make the appropriate disclosures, pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv).

COUNT II – VIOLATION OF G.L.c. 93A

(30). Patricia re-states and re-alleges paragraphs 1-29 as if separately set forth herein.

(31). Patricia is a consumer.

(32). Aero is in the business of enforcing home loans and deeds of trust.

(33). No demand letter is required in this matter, because this is a counterclaim, which is specifically exempt from the demand letter requirement (See: G.L.c. 93A § 9(3) "The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim").

(34). Aero is the successor in interest to Patch Homes, Inc.

(35). Patch Homes, Inc.'s failure to register as a mortgage loan broker, or originator was unfar and deceptive, insofar its failure to so comply was a direct and proximate cause of its failure to first comply with G.L.c. 167E §§ 7, 7A (herein the "reverse mortgage statute").

(36). Had Patch Homes, Inc. complied with the reverse mortgage statute, Patricia would not have been sued in this action, because she would have more accurately understood what she was signing.

(37). Had Patch Homes, Inc. complied with G.L.c. 255E, it would have known to ask Patricia relevant questions about any loan modification agreement or forebearance agreement she had reached with her original lender, and she would not be involved in public record federal litigation, freely disseminated across the internet, intimating that she had committed some kind of fraud – when in fact she had not.

(38). NOAH's violations of the Truth in Lending Act, for which Aero is liable, constitute violations of G.L.c. 93A, susceptible to doubling or trebling, pursuant to the Massachusetts Consumer Protection Act.

(39). Patricia has been damaged by the Defendant's predecessor in interest's violations of G.L.c. 93A.

WHEREFORE, Patricia Bransford prays this Honorable Court enter JUDGMENT on her Counterclaim in her favor, and enter an ORDER stating that the Option Agreement and Deed of Trust now held by Aero HEC Acquisition I, LLC is unenforceable. Patricia Bransford further prays that this Honorable Court enter damages in her favor, in the amount of $30,000, and that the Court Double, or Treble that amount, including attorney's fees on her G.L.c. 93A violation, and pursuant to § 1640 of the Truth in Lending Act.

Respectfully Submitted,
The Defendants, by their attorney

/s/ Jonas A. Jacobson
JONAS JACOBSON (BBO: 676581)
2067 Massachusetts Ave., 5th Floor
Cambridge, MA 02140
(p): 617-230-2779
(f): 617-849-5547
jonas@jonasjacobson.com

Dated: June 19th, 2023

**CERTIFICATE OF SERVICE**

I, Jonas Jacobson hereby certify that I caused the within document to be sent through CM/ECF NEXTGEN to all counsel of record who are registered participants, and that there are no unregistered participants,

/s/ Jonas A. Jacobson